# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Tracy Wright Starnes,<br><br>   Plaintiff,<br><br>v.<br><br>Paul Ward, Both Individually and as a Sheriff's Deputy of Greenville County Sheriff's Office; Seth Mills, Both Individually and as a Sheriff's Deputy of Greenville County Sheriff's Office; Greenville County Sheriff's Office; Hobart Lewis, as Sheriff of Greenville County; Lowes Foods, LLC; Lowe's Food Stores, Inc.; and Melissa Johnson,<br><br>   Defendants. | C.A. No. 6:24-cv-03046-TMC-KFM<br><br>**ANSWER OF DEFENDANTS LOWES FOODS, LLC; LOWE'S FOOD STORES, INC.; AND MELISSA JOHNSON TO PLAINTIFF'S COMPLAINT** |

COME NOW, Defendants Lowes Foods, LLC, Lowe's Food Stores, Inc., and Melissa Johnson (hereinafter referred to collectively as "Lowes Defendants") do hereby Answer the Complaint in the above-entitled action, and would respectfully show unto the Court:

## FOR A FIRST DEFENSE

1. Lowes Defendants deny each and every allegation of Plaintiff's Complaint not specifically admitted or explained herein and demand strict proof thereof.

## FOR A SECOND DEFENSE

2. Lowes Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 1, 2 and 3 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.

3. Lowes Defendants admit the allegations contained in Paragraph 4 of Plaintiff's noting that Lowes Foods, LLC was formerly known as Lowes Foods, Inc. but did not retain that name at the time of the subject incident of Plaintiff's Complaint.

4. Lowes Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

5. Lowes Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 6 and 7 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.

6. Lowes Defendants deny all allegations contained in Paragraph 8 of Plaintiff's Complaint and demand strict proof thereof.

7. Lowes Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 9, 10, 11, 12 and 13 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.

8. Lowes Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and demand strict proof thereof.

9. Paragraph 15 of Plaintiff's Complaint contains no allegations. To the extent that a response is required, Lowes Defendants deny any allegations contained in Paragraph 15 of Plaintiff's Complaint and demand strict proof thereof.

10. Lowes Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 16 and 17 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.

11. Paragraph 18 of Plaintiff's Complaint contains no allegations. To the extent that a response is required, Lowes Defendants deny any allegations contained in Paragraph 18 of Plaintiff's Complaint and demand strict proof thereof.

12. The allegations contained in Paragraph 19 of Plaintiff's Complaint contain legal conclusions to which no response is required. Furthermore, Lowes Defendants are not contesting jurisdiction or venue at this time. To the extent that a response is required, Lowes Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and demand strict proof thereof.

13. Lowes Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint.

14. The allegations contained in Paragraph 21 of Plaintiff's Complaint contain legal conclusions to which no response is required. Furthermore, Lowes Defendants are not contesting jurisdiction or venue at this time. To the extent that a response is required, Lowes Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and demand strict proof thereof.

15. The allegations contained in Paragraph 22 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Lowes Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and demand strict proof thereof.

16. Lowes Defendants admit the allegations contained in Paragraph 23 of Plaintiff's Complaint to the extent that Plaintiff Starnes was present at Lowes Foods, located at 3619 Pelham Road, Greenville, South Carolina, 29615, on the evening of February 2, 2022. Lowes Defendants deny that Plaintiff Starnes was grocery shopping.

17. Lowes Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.

18. Lowes Defendants deny the allegations contained in Paragraphs 25 and 26 of Plaintiff's Complaint and demand strict proof thereof.

19. Lowes Defendants admit the allegations contained in Paragraph 27 of Plaintiff's Complaint.

20. Paragraphs 28 through 48 of the Plaintiff's Complaint make no allegations relevant to the conduct of Lowes Defendants and further lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore deny the same and demand strict proof thereof.

21. Lowes Defendants admit the allegations contained in Paragraph 49 of the Plaintiff's Complaint to the extent that Melissa Johnson observed the Plaintiff to have items belonging to the store in her possession. Lowes Defendants deny the remaining allegations contained in Paragraph 49 of the Plaintiff's Complaint and demand strict proof thereof.

22. Paragraphs 50 through 58 of Plaintiff's Complaint make no allegations relevant to the conduct of Lowes Defendants and further lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore deny the same and demand strict proof thereof.

23. Lowes Defendants admit the allegations contained in Paragraph 59 of the Plaintiff's Complaint to the extent that Melissa Johnson provided surveillance footage, a copy of a receipt of items belonging to Lowes Foods, and a written statement. Lowes Defendants are without sufficient

knowledge or information to form a belief as to the truth to the remaining allegations contained in Paragraph 59 of Plaintiff's Complaint and therefore deny the same and demand strict proof thereof.

24. Lowes Defendants deny the allegations of Paragraphs 60, 61 and 62 of the Plaintiff's Complaint and demand strict proof thereof.

25. Paragraphs 63, 64 and 65 of the Plaintiff's Complaint make no allegations relevant to the conduct of Lowes Defendants and further lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore deny the same and demand strict proof thereof.

26. Lowes Defendants deny the allegations contained in Paragraphs 66, 67, 68 and 69 of Plaintiff's Complaint and demand strict proof thereof.

**RESPONSE TO THE FIRST CAUSE OF ACTION**
**(Negligence & Gross Negligence – State Tort Claims Act)**
**(As to Defendants Ward, both Individually and in his Official Capacity as**
**a Sheriff's Deputy of Greenville County, Greenville County Sheriff's Office and**
**Lewis, in his Official Capacity as the Sheriff of Greenville County)**

27. Responding to the allegations in Paragraph 69 of Plaintiff's Complaint, Lowes Defendants reallege and reiterate all previous paragraphs in full as if set forth in this paragraph verbatim.

28. The allegations in Paragraphs 69 through 74 and all subparts contained therein are not directed to Lowes Defendants and therefore no response is required. To the extent that a response is required Lowes Defendants deny the allegations contained in Paragraphs 69 through 74 of the Plaintiff's Complaint and demand strict proof thereof.

## RESPONSE TO THE SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 Deliberate Indifference) (As to all Defendants)

29. Responding to the allegations in Paragraph 75 of Plaintiff's Complaint, Lowes Defendants reallege and reiterate all previous paragraphs in full as if set forth in this paragraph verbatim.

30. Paragraphs 76, 77, 78, 79, 80 and 81 of the Plaintiff's Complaint make no allegations relevant to the conduct of Lowes Defendants and further lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore deny the same and demand strict proof thereof.

## RESPONSE TO THE THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983 Improper Search & Seizure, Excessive Force, Assault and Battery & Due Process) (As to Defendants Ward, both Individually and in His Official Capacity as a Sheriff's Deputy of Greenville County, Greenville County Sheriff's Office and Lewis in His Official Capacity as the Sheriff of Greenville County)

31. Responding to the allegations in Paragraph 83 of Plaintiff's Complaint, Lowes Defendants reallege and reiterate all previous paragraphs in full as if set forth in this paragraph verbatim.

32. The allegations in Paragraphs 83, 84, 85, 86, 87, 88, and 89 and all subparts contained therein are not directed to Lowes Defendants and therefore no response is required. To the extent that a response is required Lowes Defendants deny the allegations contained in Paragraphs 83 through 89 of the Plaintiff's Complaint and demand strict proof thereof.

## RESPONSE TO THE FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983 Failure to Intervene) (As to Defendants Mills, both Individually and in His Official Capacity as a Sheriff's Deputy of Greenville County, Greenville County Sheriff's Office and Lewis in His Official Capacity as the Sheriff of Greenville County)

33. Responding to the allegations in Paragraph 90 of Plaintiff's Complaint, Lowes Defendants reallege and reiterate all previous paragraphs in full as if set forth in this paragraph verbatim.

34. The allegations in Paragraphs 90 through 100 of the Plaintiff's Complaint and all subparts contained therein are not directed to Lowes Defendants and therefore no response is required. To the extent that a response is required Lowes Defendants deny the allegations contained in Paragraphs 90 through 100 of the Plaintiff's Complaint and demand strict proof thereof.

**RESPONSE TO THE FIFTH CAUSE OF ACTION**
**(Common Law Liability for Negligence, Gross Negligence, and Recklessness)**
**(As to All Defendants)**

35. Responding to the allegations in Paragraph 101 of Plaintiff's Complaint, Lowes Defendants reallege and reiterate all previous paragraphs in full as if set forth in this paragraph verbatim.

36. The allegations contained in Paragraph 102 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Lowes Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint and demand strict proof thereof.

37. Lowes Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 103 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.

38. Lowes Defendants deny the allegations contained in Paragraphs 104, 105 and 106 of Plaintiff's Complaint and demand strict proof thereof.

39. The allegations contained in Paragraph 107 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Lowes Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint and demand strict proof thereof.

40. Lowes Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint and demand strict proof thereof.

### RESPONSE TO THE SIXTH CAUSE OF ACTION
**(Negligent Hiring, Supervision, and Retention as to all Defendants)**

41. Responding to the allegations in Paragraph 109 of Plaintiff's Complaint, Lowes Defendants reallege and reiterate all previous paragraphs in full as if set forth in this paragraph verbatim.

42. The allegations contained in Paragraph 110 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Lowes Defendants deny the allegations contained in Paragraph 110 of Plaintiff's Complaint and demand strict proof thereof.

43. Lowes Defendants deny the allegations contained in Paragraph 111 of Plaintiff's Complaint.

44. Lowes Defendants deny the allegations contained in Paragraph 112 of Plaintiff's Complaint and demand strict proof thereof.

45. Lowes Defendants deny the allegations contained in Paragraphs 113, 114 and 115 of Plaintiff's Complaint and demand strict proof thereof.

## RESPONSE TO THE SEVENTH CAUSE OF ACTION
**(Malicious Prosecution, Abuse of Legal Process as to all Defendants)**

46. Responding to the allegations in Paragraph 116 of Plaintiff's Complaint, Lowes Defendants reallege and reiterate all previous paragraphs in full as if set forth in this paragraph verbatim.

47. Lowes Defendants deny the allegations contained in Paragraph 117 of Plaintiff's Complaint that are directed to Lowes Defendants. Lowes Defendants are without sufficient knowledge or information to form a belief as tot the truth of the remaining allegations and therefore deny the same and demand strict proof thereof.

48. Lowes Defendants deny the allegations contained in Paragraph 118 of Plaintiff's Complaint and demand strict proof thereof.

49. Lowes Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 119, 120 and 121 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.

50. Paragraph 122 of Plaintiff's Complaint contains no allegations. To the extent that a response is required, Lowes Defendants deny any allegations contained in Paragraph 122 of Plaintiff's Complaint and demand strict proof thereof.

## FOR AN EIGHTH CAUSE OF ACTION
**(False Imprisonment, Unlawful Detention, False Allegations, Slander as to All Defendants)**

51. Responding to the allegations in Paragraph 123 of Plaintiff's Complaint, Lowes Defendants reallege and reiterate all previous paragraphs in full as if set forth in this paragraph verbatim.

52. Lowes Defendants deny the allegations of Paragraph 124 of the Plaintiff's Complaint that are directed to Lowes Defendants. Further Lowes Defendants are without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations and therefore deny the same and demand strict proof thereof.

53. Paragraphs 125, 126 and 127 of the Plaintiff's Complaint make no allegations directed to Lowes Defendants and further Lowes Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and therefore deny the same and demand strict proof thereof.

54. Lowes Defendants deny the allegations contained in Paragraphs 128, 129 and 130 of Plaintiff's Complaint and demand strict proof thereof.

55. The allegations in Paragraphs 131 and 131(2) of Plaintiff's Complaint are not directed to Lowes Defendants and therefore no response is required. To the extent that a response is required Lowes Defendants deny the allegations contained in Paragraphs 131 and 131(2) of the Plaintiff's Complaint and demand strict proof thereof.

56. Lowes Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 132 of Plaintiff's Complaint and therefore deny same and demand strict proof thereof.

57. Lowes Defendants deny the allegations contained in Paragraphs 133 and 134 of Plaintiff's Complaint including all subparts and demand strict proof thereof.

58. Paragraph 135 of Plaintiff's Complaint contains no allegations. To the extent that a response is required, Lowes Defendants deny any allegations contained in Paragraph 135 of Plaintiff's Complaint and demand strict proof thereof.

**ANSWERING PLAINTIFF'S PRAYER FOR RELIEF**

59. Lowes Defendants deny Plaintiff's Prayer for Relief, including the "Wherefore" Paragraph of Plaintiff's Complaint, and demand strict proof thereof.

## FOR A THIRD DEFENSE
### (Failure to State a Claim)

60. Lowes Defendants assert that Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Lowes Defendants and should therefore be dismissed.

## FOR A FOURTH DEFENSE
### (Comparative Negligence)

61. If it is determined that Lowes Defendants were negligent as alleged in Plaintiff's Complaint, which is expressly denied, the negligence of Plaintiff should be compared to that of Lowes Defendants and the negligence of any other person or entity, and the damages awarded to Plaintiff, if any, should be apportioned by the amount of Plaintiff's or any other's fault and negligence in accordance with the comparative negligence law of South Carolina.

## FOR A FIFTH DEFENSE
### (S.C. Code Ann. § 16-13-110)

62. Lowes Defendants assert all defenses under South Carolian Shoplifting Statute, S.C. Code Ann. § 16-13-110 of the South Carolina Code of Laws.

## FOR A SIXTH DEFENSE

63. Lowes Defendants would show that their actions with regard to the Plaintiff were based upon an objectively reasonable reliance upon existing law, which objectively reasonable reliance is a complete bar to the Plaintiff's causes of actions against Defendants.

## FOR A SEVENTH DEFENSE
### (Intervening Acts of Third Parties)

64. Lowes Defendants assert that the injuries and damages sustained by Plaintiff, if any, were solely and proximately caused by the intervening and superseding negligence, carelessness, gross negligence, willfulness, wantonness and/or reckless conduct of others over

whom Lowes Defendants had no control and for whose unforeseeable actions Lowes Defendants are not liable.

## FOR AN EIGHTH DEFENSE
### (Lack of Proximate Cause)

65. Upon information and belief, any injuries or damages alleged in Plaintiff's Complaint were not proximately caused by any wrongdoing on behalf of Lowes Defendants, but rather were proximately and solely caused by Plaintiff or others, and as a result thereof, Lowes Defendants are not liable to Plaintiff for the matters set forth in Plaintiff's Complaint.

## FOR A NINTH DEFENSE
### (Mitigation of Damages)

66. Lowes Defendants assert that the Plaintiff's damages, if any, have been exacerbated by Plaintiff's failure to mitigate and that his damages, if any, should be reduced by the amount attributable to his failure to mitigate or waived completely.

## FOR A TENTH DEFENSE
### (Standard of Care)

67. Lowes Defendants assert that the Plaintiff's alleged injuries and damages, if any, were not caused by any departure or derivation by Lowes Defendants from any applicable standard of care.

## FOR AN ELEVENTH DEFENSE

68. Plaintiff's receipt of benefits or entitlement to benefits under the Social Security Administration, or other similar compensatory systems, entitles Lowes Defendants to a reduction, set-off and/or credit against any judgment that might be entered against them in this action.

## FOR A TWELFTH DEFENSE

69. An award for punitive damages would violate the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I § 3 of the South Carolina Constitution.

## FOR A THIRTEENTH DEFENSE

70. Punitive damages are inappropriate in this case as Lowes Defendants did not engage in any malicious, reckless, wrongful or intentional conduct upon which an award of punitive damages could be based.

## FOR A FOURTEENTH DEFENSE

71. Lowes Defendants please the limitations on damage awards pursuant to S.C. Code Ann. § 15-32-510, et seq. and requests bifurcation in accordance with these statutes.

## FOR A FIFTEENTH DEFENSE

72. Lowes Defendants assert that an award of damages, if any, is subject to and limited by the applicable provisions of S.C. Code Ann. § 15-38-10, et seq.

## FOR A SIXTEENTH DEFENSE

73. Lowes Defendants assert that, because the Action is couched in conclusionary terms, they cannot fully accept all affirmative defenses that may be applicable to the Action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, having fully answered Plaintiff's Complaint, Lowes Defendants demand that Plaintiff takes nothing by this cause, and that Lowes Defendants recover costs incurred. Lowes Defendants pray for such another other relief, both general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted this the 23ᵈ day of May, 2024.

_____
F. Lee Prickett, III (Fed. Bar No.11674)
800 East North Street (29601)
Post Office Box 1804 (29602)
Greenville, South Carolina
lprickett@hplplaw.com
*Attorneys for Lowes Foods, LLC; Lowe's Food Stores, Inc., and Melissa Johnson*